| | |
|---|---|
| Minute Order Form (06/97) | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3883 | **DATE** | 8/15/2003 |
| **CASE TITLE** | Freedom Business vs. Trlin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to refer the case to the United States Bankruptcy Court for the Northern District of Illinois is granted. Status hearing set for 8/18/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| TH ✓ | courtroom deputy's initials |

number of notices

AUG 15 2003 date docketed

docketing deputy initials

03 AUG 15 AM 7:59

U.S. DISTRICT COURT
CLERK

FILED FOR DOCKETING

Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

Document Number

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREEDOM BUSINESS BROKERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 03 C 3883 |
| v. | ) | |
| | ) | |
| YOLANDA TRLIN, DEAL TRANSPORT, | ) | |
| INC., ZORAN TRLIN, and Z TRANSPORT, | ) | |
| INC., | ) | |
| Defendants. | ) | |

DOCKETED
AUG 1 5 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Defendants Yolanda Trlin, Deal Transport, Inc., Zoran Trlin, and Z Transport, Inc. have moved to refer this case to the United States Bankruptcy Court for the Northern District of Illinois. Because this case is "related to" the bankruptcy case of *In re Zoran Trlin*, No. 02-35573, Defendants' motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Zoran Trlin and his wife Yolanda Trlin are citizens of Illinois. Z Transport, Inc. and Deal Transport, Inc. are trucking corporations which are owned by Zoran Trlin and Yolanda Trlin, respectively, and are incorporated in Illinois. Freedom Business Brokers is incorporated in California with its principal place of business in California.

In April, 2002, arbitration proceedings took place between Plaintiff and Zoran Trlin and Z Transport in California. On June 21, 2002, a California state court issued a judgment on the arbitration award against Zoran Trlin and Z Transport in the amount of $180,670, plus interest

1

and costs.

On September 13, 2002, Zoran Trlin filed a chapter 7 petition in the Bankruptcy Court of the Northern District of Illinois. *See In re Zoran Trlin*, No. 02-35573 (Bankr. N.D. Ill.) (Judge Schwartz). That action is currently pending. On January 15, 2003, the bankruptcy court entered an order lifting the automatic stay and allowing the plaintiff to pursue a state court action for fraudulent transfer of assets.

On April 25, 2003, Plaintiff filed a seven count complaint in the Circuit Court of Cook County, Illinois against Defendants. Plaintiff alleged fraudulent conveyances and preferential transfers. The complaint also seeks to void certain alleged transfers made from Zoran Trlin to his co-Defendants, as well as to disgorge funds from various Defendants. On June 6, 2003, Defendants removed the case to this Court. Defendants now seek referral of the case to the bankruptcy court.

## ANALYSIS

The purpose of bankruptcy jurisdiction is "to provide a single forum for dealing with all claims to the bankrupt's assets." *In the Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). A district court may refer to a bankruptcy court proceedings "arising under title 11" as well as proceedings "arising in . . . a case under title 11." 28 U.S.C. § 157(a); 28 U.S.C. § 1334(b). The domain of these types of proceedings is "limited to questions that arise during bankruptcy proceeding and concern administration of bankruptcy estate, such as whether to discharge a debtor." *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994).

District courts may also refer cases that are "related to" a title 11 proceeding. 28 U.S.C. § 157(a). These can encompass "tort, contract, and other legal claims by and against the debtor,

2

claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that [28 U.S.C. § 1334(b)] allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum." *Zerand-Bernal Group*, 23 F.3d at 161.

Because this case involves three defendants who are not parties to the pending bankruptcy action, it is necessary to examine the limits of the bankruptcy court's jurisdiction. The Supreme Court has held that "related to" jurisdiction can include "suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). *See also In re Emerald Acquisition Corp.*, 170 B.R. 632, 640 (Bankr. N.D. Ill. 1994) (Proceedings classified as "related to" include "suits between third parties which in one way or another affect the administration of the title 11 case.") One purpose of the bankruptcy court is to "force into the bankruptcy court suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate." *Zerand-Bernal Group*, 23 F.3d at 162.

Courts are careful, however, to curb the potentially limitless reaches of the "related to" language. *See, e.g., Cytomedix, Inc. v. Perfusion Partners & Assocs., Inc.*, 243 F.Supp.2d 786, 790 (N.D. Ill. 2003), *Zerand-Bernal Group*, 23 F.3d at 161. In cases involving creditors, the Seventh Circuit stated that a bankruptcy court's jurisdiction under the "related to" language of 28 U.S.C. § 157(c) extends to cases which "affec[t] the amount of property available for distribution or the allocation of property among creditors." *Matter of Xonics*, 813 F.2d at 131.

Even under these limitations, this case is related to the pending bankruptcy action. Counts I, II, and III of the Complaint seek recovery from Yolanda Trlin and Deal Transport, Inc.

3

based on allegedly fraudulent conveyances made by the debtor to these co-defendants. In the pending bankruptcy case, the plaintiff has filed a Complaint Objecting to the Discharge of the Debtor, as well as a Motion to Dismiss the case. In the case at hand, the plaintiff is requesting that the court declare the transfer of Zoran Trlin's assets void. In addition, plaintiff seeks the disgorgement of funds by Yolanda Trlin and Deal Transport, Inc. Clearly, the sought relief would have a direct impact on Zoran Trlin's estate and affect the amount of property available for the creditor.

Plaintiff argues that the bankruptcy Trustee did not pursue a fraudulent transfer action in bankruptcy court, and therefore, plaintiff should be permitted to sue defendants in state court. Because Defendants have successfully removed the case to federal court based on diversity of citizenship, however, the only issue properly presented is whether this case should remain in federal district court or be referred to bankruptcy court. The Court finds that this case is "related to" the bankruptcy proceeding and therefore should be referred to the bankruptcy court.

## CONCLUSION

A proceeding may be referred if it is "related to a case under title 11." 28 U.S.C. § 157(a), 28 U.S.C. § 1334. Because this case is "related to" *In re Zoran Trlin*, No. 02-35573, the motion to refer is granted.

Dated:   August 15, 2003                    ENTERED

                                            _____
                                            AMY J. ST. EVE
                                            United States District Judge

4